**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

MARTA CARRASQUILLO, ET AL.,
  Plaintiffs

v.                                               Civil No. 04-1547 (HL)

MIGUEL PEREIRA-CASTILLO, ET AL.,
  Defendants

**OPINION AND ORDER**

Plaintiff Marta Carrasquillo, her husband Gilberto Rivera-Rivera, and the conjugal partnership formed between them bring this action against Miguel Pereira-Castillo, in his official capacity as the Secretary and Administrator of the Department of Corrections and Rehabilitation and the Corrections Administration; Jorge L. Raices, in his official capacity as Assistant to the Secretary; Caridad Colon-Torres, in her official capacity as Human Resources Officer; Rafael Santiago-Torres, in his official capacity as Sub-Secretary of the Department of Corrections and Rehabilitation; and Norberto Jimenez-Burgos, in both his personal capacity and official capacity as Special Assistant to the Secretary. Plaintiffs bring their action pursuant to 42 U.S.C. § 1983, alleging political discrimination in violation of the First and Fourteenth Amendments of the United States Constitution.[1] Plaintiffs also seek to invoke this Court's supplemental jurisdiction over claims arising under the laws of the Commonwealth of Puerto Rico, specifically for political discrimination in violation of Law No. 100 of June 30, 1959, 29 L.P.R.A. § 146, *et seq.*; and for damages under Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A. §§ 5141, 5142.

---

[1] Plaintiffs originally asserted additional claims pursuant to the Age Discrimination in Employment Act of 1967 (ADEA) and the Fifth Amendment. However, these claims, as well as claims against the Commonwealth and claims for monetary damages against the individual defendants in their official capacities were dismissed by the Court on Defendants' Fed.R.Civ.P. 12(c) motion for judgment on the pleadings. (Dkt. No. 78).

Before the Court are Defendants' motion for summary judgment (Dkt. No. 46) and Plaintiffs' opposition to said motion (Dkt. No. 60). For the reasons set forth below, Defendants' motion for summary judgment is granted.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, the Court will grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue exists if there is sufficient evidence supporting the claimed factual dispute to require a choice between the parties' differing versions of the truth at trial. *Morris v. Gov't Dev. Bank of Puerto Rico*, 27 F.3d 746, 748 (1st Cir.1994); *LeBlanc v. Great Am. Ins. Co.,* 6 F.3d 836, 841 (1st Cir.1993). A fact is material only if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining if a material fact is "genuine" the Court does not weigh the facts but, instead, ascertains whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. See also *Leary v. Dalton*, 58 F.3d 748, 751 (1st Cir.1995).

Once a party moves for summary judgment, it bears the initial burden. Specifically, "'a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [evidence] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Crawford-El v. Britton*, 523 U.S. 574, 600 n.22 (1998) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once this threshold is met, the burden shifts to the nonmoving party. The nonmovant may not rest on mere conclusory allegations or wholesale denials. *See* Fed.R.Civ.P. 56(e); *Libertad v. Welch*, 53 F.3d 428, 435 (1st Cir.1995). Instead, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Furthermore, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

To aid the Court in the task of identifying genuine issues of material fact in the record, the District for Puerto Rico has adopted Local Rule 56 (formerly Local Rule 311.12). D.P.R. L.Civ.R 56(b)-(c). Local Rule 56(b) requires that a party moving for summary judgment submit, in support of the motion, "a separate, short, and concise statement of material facts as to which the moving party contends there is no genuine issue to be tried and the basis of such contention as to each material fact, properly supported by specific reference to the record." *Id.; see also Leary*, 58 F.3d at 751. Further, "[a] party opposing a motion for summary judgment shall submit with its opposition a separate, short and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation . . ." D.P.R. L.Civ.R 56(c). The Court will only consider the facts alleged in the parties' Local Rule 56 statements when entertaining the movant's arguments. *Rivera v. Telefonica de Puerto Rico*, 913 F.Supp. 81, 85 (D.P.R. 1995). "Parties ignore [such rules] at their peril." *Ruiz Rivera v. Riley*, 209 F.3d 24, 28 (1st Cir.2000).

In the present case, Plaintiffs do not provide a statement of opposing facts which expressly admits, denies or qualifies each paragraph of Defendants' statement of uncontested material facts. Rather, Plaintiffs filed their own statement of uncontested facts which does not reference or relate to Defendants' statement of uncontested facts. Thus, Plaintiffs have failed to comply with Local Rule 56(c). "Where the party opposing summary judgment fails to comply, the rule permits the district court to treat the moving party's statement of facts as uncontested." *Alsina-Ortiz v. LaBoy*, 400 F.3d 77, 80 (1st Cir.2005) (citing *Cosme-Rosado v. Serrano-Rodriguez*, 360 F.3d 42, 46 (1st Cir.2004); *Morales v. A.C. Orssleff's EFTF*, 246 F.3d 32, 32-35 (1st Cir.2001)). The Court of Appeals for the First Circuit "'has held repeatedly that the district court in Puerto Rico is justified in holding one party's submitted uncontested facts to be admitted when the other party fails to file oppositions in compliance with local rules.'" *Fontanez-Nunez v. Janssen Ortho LLC*, 447 F.3d 50, 55 (1st Cir.2006) (quoting *Torres-Rosado v. Rotger-Sabat*, 335 F.3d 1, 4 (1st Cir.2003)). Accordingly, the Court shall deem Defendants' uncontested facts, where supported by the record, as admitted. *See* D.P.R. L.Civ.R. 56(e).

## BACKGROUND

Plaintiff Marta Carrasquillo began working for the Administration of Corrections in 1992 as a clerk. On September 23, 1994, Carrasquillo was promoted on a transitory basis to the position of Investigating Agent I, and was assigned to work in the Auxiliary Secretariat for the Investigation of the Correctional System (hereinafter "SAISC" for its Spanish acronym). During the years 1998-1999, Carrasquillo continued to hold the position of Investigating Agent I and worked under the supervision of Co-Defendant Norberto Jimenez. Jimenez worked as an investigative agent in the SAISC from 1992 through 1999. On March 17, 1999, Carrasquillo was assigned the temporary supervision of the Intelligence Unit of the SAISC during Jimenez's absence from the office. Jimenez resigned from the Department of Corrections and Rehabilitation that year, and Carrasquillo continued to act as supervisor for the Intelligence Unit.

On September 7, 2000, Carrasquillo was promoted to the position of Investigative Agent II. Carrasquillo did not compete for the position of Investigative Agent II but obtained the position through reclassification because her position had undergone substantial change in duties and responsibilities, most notably the responsibility of supervision had been added to her job duties. On May 11, 2001, Carrasquillo was confirmed as a career employee in her Investigative Agent II position.

The Department of Corrections and Rehabilitation created and approved a classification and compensation plain in 1994 which contains a description of all the positions in the agency. The original plan description for the position of Investigative Agent II does not list supervision as one of the position's duties. Generally, the tasks that Department employees are to perform are contained in a duty sheet. The duty sheet for Carrasquillo in the position of Investigative Agent II provided that she shall perform supervisory duties if required by the Assistant Secretary. Early in 2004, the Department revised its classification and compensation plan concerning the positions of Investigative Agent I and II because the descriptions for the two classes were mistakenly identical. The plan description of Investigative Agent II was revised to include collaborative supervising as an official duty.

5

In August of 2003, Norberto Jimenez returned to the Department of Correction and Rehabilitation, when he was appointed Special Aide to the Secretary of the Department. Carrasquillo had acted as supervisor of the Intelligence Unit of SAISC since Jimenez had resigned in 1999. After Jimenez' appointment, however, Jimenez assumed the supervision of the SAISC Intelligence Unit. At some point, Jimenez called Carrasquillo into his office and told her that he was in power and could take out or fire anybody he wanted to. Jimenez also ordered Carrasquillo to perform clerical duties until he could hire a secretary and had Carrasquillo's name removed from reports filed by investigative agents. Carrasquillo was not allowed to participate in field operatives or when she was asked to participate in an operative, she was told to show up at an hour after the operatives had concluded. After Jimenez took over the supervision of the Intelligence Unit, Carrasquillo experienced numerous days when she was not provided with any work assignments. Carrasquillo complained to Jimenez that she felt marginalized, harassed, and discriminated against because he had divested her of supervisory functions and assigned her more menial job tasks.

In April of 2004, although Carrasquillo continued to hold the position of Investigative Agent II, she was removed from her office in the Intelligence Unit and relocated to another area of the Department. Carrasquillo was the only employee removed from the Intelligence Unit. Jimenez moved into Carrasquillo's former work space. When Carrasquillo was transferred to the new work area, she was asked to return several items including confidential or official license plates, a radio, a vest, keys to a governmental vehicle, and a gas card for a governmental vehicle. Although Carrasquillo's work location changed, her job title and salary scale was not altered. As a supervisor, Carrasquillo had not been entitled to over-time pay, but after she was divested of supervisory duties, she became eligible to receive such pay.

Carrasquillo is a member of the New Progressive Party (NPP), while Defendant Norberto Jimenez is associated with the Popular Democratic Party (PDP). Carrasquillo claims that her affiliation and activism in the NPP, was well known within the Corrections Administration because she was enlisted in the party's roster, openly participated in political campaigns, worked in raising campaign funds for a mayor of Canóvanas, worked as an

electoral officer, regularly attended NPP rallies, and worked tallying votes during election time. Carrasquillo contends that she suffered a *de facto* demotion and was replaced by Norberto Jimenez, a member of the PDP party and a less qualified employment candidate, on the basis of her membership in the NPP.

## DISCUSSION

"The First Amendment protects associational rights. Incorporated with this prophylaxis is the right to be free from discrimination on account of one's political opinions or beliefs." *Galloza v. Foy,* 389 F.3d 26, 28 (1st Cir.2004) (citing *LaRou v. Ridlon*, 98 F.3d 659, 661 (1st Cir.1996)). The gravamen of Defendants' motion for summary judgment is their argument that Plaintiffs have failed to establish a prima facie showing of political discrimination. To make a prima facie case of political discrimination a "plaintiff must show that he [or she] engaged in constitutionally protected conduct, and that this conduct was a substantial or motivating factor for the adverse employment decision." *Padilla-Garcia v. Guillermo Rodriguez*, 212 F.3d 69, 74 (1st Cir.2000). The First Amendment's protection extends to employment actions in which employment changes due to political affiliation, although not as extreme as dismissal, result in working conditions "unreasonably inferior to the norm for the position" at issue. *Agosto-de-Feliciano v. Aponte Roque*, 889 F.2d 1209, 1218 (1st Cir.1989); *Concepcion v. Zorrilla,* 309 F.Supp.2d 201, 211 (D.P.R.2004).

Plaintiff Carrasquillo asserts that she engaged in the protected conduct of being an NPP member and activist and that her political affiliation was the motivating factor behind her *de facto* demotion. Implicit in the threshold element that political affiliation was a substantial or motivating factor in the adverse employment decision "is a requirement that the plaintiff produce sufficient evidence to show the defendant knew of plaintiff's political persuasion." *Goodman v. Penn. Turnpike Com'n*, 293 F.3d 655, 663 (3d. Cir.2002); *Nieves-Hernandez v. Puerto Rico Elec. Power Authority*, 2006 WL 1704572 *3 (D.P.R. June 16, 2006) ("For political affiliation to be a motivating factor behind an adverse employment action, those responsible for the deprivation of constitutional rights must have had knowledge of the

plaintiff's political affiliation"). In their Local Rule 56(b) statement of uncontested facts Defendants aver and produce sworn affidavits that they did not know the political affiliation of Carrasquillo. Plaintiff does not deny, qualify, or otherwise object to this assertion as required by Local Rule 56(c).[2] Accordingly, the submitted fact that Defendants did not know the political affiliation of Carrasquillo is deemed uncontested. *See* D.P.R. L.Civ.R. 56(e); *Alsina-Ortiz*, 400 F.3d at 80 (citing *Cosme-Rosado*, 360 F.3d at 46); *Morales*, 246 F.3d at 32-35. Therefore, Plaintiff Carrasquillo has failed to establish a prima facie case of political discrimination because she has not produced sufficient evidence demonstrating that any defendant knew of her political affiliation. *See Gonzalez-De-Blasini v. Family Dept.,* 377 F.3d 81, 86 (1st Cir.2004);  *Goodman*, 293 F.3d at 663; *Santiago-Rodriguez v. Rey*, 404 F.Supp.2d 400, 404-405 (D.P.R.2005).

Moreover, even if the Court were to consider Plaintiffs' nonconforming supplemental statement of uncontested facts as a viable opposition to Defendants' Local Rule 56(b) statement of uncontested facts, Plaintiff Carrasquillo's political discrimination claim would still fail. In Plaintiffs' noncomplying statement of uncontested facts, Carrasquillo provides that her affiliation with and activism in the NPP, was well known within the Corrections Administration because she was enlisted in the party's roster, participated in political campaigns, worked in raising campaign funds for a mayor of Canóvanas, served as an electoral officer, regularly attended NPP rallies, and worked tallying votes during election time.  The Court finds that this assertion is not sufficient to demonstrate a causal connection linking Defendants' allegedly discriminatory acts to Carrasquillo's political beliefs or association.

To establish that  protected conduct was a substantial or motivating factor for the adverse employment action requires more than merely "juxtaposing a protected characteristic – someone else's politics – with the fact that plaintiff was treated unfairly." *Padilla-Garcia,* 212 F.3d at 74 (quoting *Correa-Martinez v. Arrillaga-Belendez*, 903 F.2d 49, 58 (1st Cir. 1990)). Indeed, evidence that a plaintiff is politically active and that a defendant is aware of plaintiff's opposing

---

[2] *See* discussion *supra* at p. 3.

8

views is not sufficient to meet this burden. *Rodriguez-Rios v. Cordero*, 138 F.3d 22, 24 (1st Cir. 1998). Instead, to prevail, a plaintiff must point to evidence in the record that would "permit a rational fact finder to conclude that the challenged personnel action occurred and stemmed from a politically based discriminatory animus." *Rivera-Cotto v. Rivera*, 38 F.3d 611, 614 (1st Cir. 1994).

Carrasquillo has adduced no evidence that Defendants knew that she was a member of the NPP, much less that they acted upon a political animus in implementing the employment actions at issue. Although, a prima facie case for political discrimination may be built on circumstantial evidence, alleging simply that her NPP affiliation and activism was widely known throughout the Corrections Administration because she was registered in the NPP roster, and was active in political campaigns, fund-raising, rallies, and electoral administration is insufficient to survive summary judgment. *Gonzalez-De-Blasini*, 377 F.3d at 85-86 (holding that plaintiffs' allegations that defendants "must have been aware of her political affiliation because she was a well-known supporter of the NPP in the community, had held a previous trust position under the NPP administration, and was allegedly demoted shortly after the PDP assumed power" was not adequate to show that political affiliation was a substantial factor in the challenged action); *Roman v. Delgado Altieri*, 390 F.Supp.2d 94, 102-103 (D.P.R.2005) (stating that it is established in the First Circuit that knowledge of political affiliation cannot be merely established through testimony of having been seen or met during routine campaign activity participation, by having political propaganda adhered to one's car or house, or through the knowledge of third parties) (citing *Gonzalez-Pina v. Rodriguez*, 407 F.3d 425, 432 (1st Cir.2005) (holding that plaintiff's support for a rival mayor candidate was insufficient to establish political animus on the part of the defendant mayor even in the mayor was aware of such support); *Gonzalez-De-Blasini*, 377 F.3d at 85-86).

Viewing the facts in the light most favorable to the non-moving party –here Carrasquillo– the Court finds that Plaintiffs have failed to establish that political discrimination was a substantial or motivating factor in the employment actions against Carrasquillo because: (1) Defendants' assertion that they were not aware of Carrasquillo's

political affiliation is deemed admitted since it was not properly controverted pursuant to Local Rule 56(c); and (2) Plaintiffs have not proffered anything more than conclusory allegations based upon circumstantial conjecture that Carrasquillo's political affiliation and activism was well known within the Corrections Administration. *See Aguiar-Carrasquillo v. Agosto-Alicea*, 445 F.3d 19 (1st Cir.2006); *Gonzalez-De-Blasini,* 377 F.3d at 85-86; *Santiago-Rodriguez*, 404 F.Supp.2d at 404-405. Since Carrasquillo has failed to show that the adverse employment actions at issue were motivated by or otherwise causally linked to political animus on the part of Defendants, the Court need not reach the issue of whether her employment changes resulted in working conditions "unreasonably inferior."[3] *See Gonzalez-Pina v. Rodriguez*, 407 F.3d 425, 432 (1st Cir.2005).

## CONCLUSION

For the aforementioned reasons, Defendants' motion for summary judgment is granted. As all claims over which the Court had original jurisdiction have been dismissed, the Court declines to exercise supplemental jurisdiction over Plaintiffs' commonwealth claims. *See* 28 U.S.C. § 1367(c)(3). Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

San Juan, Puerto Rico, July 31, 2006.

S/ HECTOR M. LAFFITTE
United States District Judge

---

[3] Similarly, the Court need not address Defendants' additional arguments that Defendants would have reached the same employment decisions irrespective of Carrasquillo's political affiliation; that Carrasquillo lacked a property interest in her supervisory duties; that Carrasquillo was a trust employee; that Defendants Miguel Pereira, Jorge Raises, and Caridad Colon lacked sufficient personal involvement to sustain a claim under 42 U.S.C. § 1983; and that Defendant Norberto Jimenez is entitled to qualified immunity.